NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELLE PARKER, | No. 17-16318 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05673-TEH |
| v. | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted December 17, 2018**
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,*** Judge.

Danielle Parker ("Appellant") appeals the district court's grant of summary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

judgment in favor of Comcast Cable Communications Management, LLC, ("Comcast") on her claim for wrongful termination in violation of public policy; namely, termination on the basis of disability contrary to the California Fair Employment and Housing Act ("FEHA"). Appellant contends that there was a triable issue of material fact regarding Comcast's knowledge of her purported disability prior to termination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts cited by Appellant are insufficient to establish a prima facie case of discrimination. See Guz v. Bechtel National, Inc., 24 Cal. 4th 317, 354 (2000) (adopting the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden-shifting framework for California state-law discrimination claims). Appellant was unable to prove that Comcast had any knowledge of her purported disability prior to her termination. Appellant's medical notes were insufficiently detailed to make Comcast aware that she may be suffering from a disability. Regardless, Comcast did not know about or receive the medical notes before making the decision to terminate Appellant for missing a terminable number of workdays.

Appellant's other arguments are not well taken. Contrary to Appellant's assertions, discriminatory motive is an element Appellant must demonstrate in order to establish a prima facie case for discrimination under the FEHA. See id. (2000) (noting that plaintiff must satisfy circumstances that suggest discriminatory

2

motive). By contrast, the district court properly rejected her underlying claims for failure to provide a reasonable accommodation and failure to engage in the interactive process based on the finding that Comcast had not been put on notice of any need to act, not due to any improper requirement that Appellant show a discriminatory motive. Finally, Appellant abandoned arguments about the changes Appellant proposed to her deposition transcript because she failed to discuss this point other than noting it in the "Issues Presented" section of her opening brief. See Kohler v. Inter-Tel Technologies, 244 F.3d 1167, 1182 (9th Cir. 2001) (holding that issues raised in a brief's statement of issues that are unsupported by argument are deemed abandoned).

**AFFIRMED.**